IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) Criminal Action No. 18-00080-KD |
| | ) |
| CECIL JAMES MESSER, | ) |
| | ) |
| Defendant. | ) |

## ORDER

This action is before the Court on Defendant Cecil James Messer's Motion for Early Release which the Court construes as a Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (doc. 19).[1]  Upon consideration, and for the reasons set forth herein, the Motion is dismissed without prejudice.

I. Background

In 2009, Messer pled guilty in the Eastern District of Kentucky and was convicted of two offenses of bank robbery.  United States v. Messer, Criminal Action No. 3:09-00009-DCR (E.D. Ky. 2009); United States v. Messer, Criminal Action No. 3:09-00012-DCR (E.D. Ky. 2009).  He was sentenced to a total term of 108 months, concurrent, and consecutive to any state term of imprisonment, with three years of supervised release (docs. 1-3).  He was released in January 2017 and began his term of supervision in Kentucky.  In 2018, jurisdiction was transferred to the Southern District of Alabama.  In February 2020, his supervised release was revoked and he was sentenced to a term of 10 months to serve concurrently with his revocation sentence in United States v. Messer, Criminal Action No. 18-00079-KD (S.D. Ala. 2018).  He is now incarcerated at

---

[1] Daniele v. United States, 740 Fed. Appx. 973, 977 (11th Cir. 2018) ("… we have held that pro se 'pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.'") (quoting Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998)).

USP Coleman I, in Coleman, Florida.  His release date is October 4, 2020.  He is 57 years old. Messer now moves for a reduction of sentence and immediate release on basis that he has served more than 70% of his 10-month sentence and the Covid-19 pandemic lockdown has altered his conditions of confinement at the prison.

## II. Compassionate Release under 18 U.S.C. § 3582(c)(1)(A)(i)

In relevant part, the compassionate release provision of 18 U.S.C. § 3582(c)(1), as amended by the First Step Act of 2018, provides that "the court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment" after considering the [applicable] factors set forth in 18 U.S.C. § 3553(a)", if the court finds that "extraordinary and compelling reasons warrant such a reduction" and the reduction is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i); First Step Act of 2018, Pub. L. 115-391, § 603(b), 132 Stat. 5194, 5239.

Messer does not allege that he made a request for compassionate release to the Warden and more than 30 days have lapsed since the Warden received his request or that he has exhausted his administrative remedies (doc. 19). Since Messer failed to comply with either of the statutory requirements, he has not met the necessary prerequisites for the Court to consider his motion. Accordingly, Messer's motion is dismissed without prejudice for failure to exhaust. See United States v. Alam, 960 F. 3d 831, 834 (6th Cir. 2020) ("The language Congress used is quite mandatory anyway. It says a 'court may not' grant relief without complying with the exhaustion requirement, 18 U.S.C. § 3582(c), and thus operates as an 'unyielding procedural

requirement[.]'") (quoting United States v. Dowl, 956 F.3d 904, 908 (6th Cir. 2020) (per curiam)).

Additionally, even if Messer had exhausted his administrative remedies, he is not entitled to a reduction in sentence. Messer does not meet the age requirement in 18 U.S.C. § 3582(c)(1)(A)(ii) because he is not at least 70 years of age. Therefore, he cannot avail himself of relief under that statute. However, the Court may grant a reduction of sentence if Messer shows that there are extraordinary and compelling reasons for his early release. 18 U.S.C. § 3582(c)(1)(A)(i). Messer alleges two reasons why the Court should grant his motion. He has served 70% of his 10-month sentence and his conditions of confinement have been altered because of the Covid 19 lock-down. However, these reasons do not constitute "extraordinary and compelling reasons" that would "warrant such a reduction[.]" 18 U.S.C. § 3582(c)(1)(A)(i); see U.S.S.G. § 1B1.13, cmt. n. 1(A)-(D) (Policy Statement).[2]

**DONE** and **ORDERED** this 10th day of August 2020.

                                                    s / Kristi K. DuBose
                                                   **KRISTI K. DuBOSE**
                                                   **CHIEF UNITED STATES DISTRICT JUDGE**

---

[2] At best, Messer could assert that these reasons are "extraordinary and compelling reason[s] other than …reasons described in" subparagraph A-C of the Policy Statement. However, there is nothing extraordinary or compelling about serving 7 months of a 10-month sentence. While the Covid 19 pandemic is an extraordinary circumstance, experiencing a lockdown while incarcerated is not an extraordinary or compelling reason for early release.